IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CHARLES JEROME SMITH,**
       Plaintiff,

vs.                                              Case No. 5:09cv230/RS/MD

**SHAWN BUTLER, et al.,**
       Defendants.
_____

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Leave to proceed *in forma pauperis* was granted, and the initial partial filing fee has been paid. (Docs. 6, 10).

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, the undersigned concludes that this case should be dismissed as malicious.

Plaintiff is currently incarcerated at Century Correctional Institution. He was confined at the Gulf County Jail at the time he initiated this lawsuit. (Doc. 1, p. 2). His complaint arises out of his investigation by the Gulf County Sheriff's Department for murder, and his pre-trial confinement on a charge of manufacturing marijuana. Plaintiff claims he has been slandered and subjected to cruel and unusual punishment.

On page three of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes." He then disclosed one case which he identified as follows: Charles Jerome Smith v. Gulf County Sheriff's Dept., filed in the Pensacola Division of this court in "1998 or 1999 and 2004," asserting claims of slander and cruel and unusual punishment. (Doc. 1, pp. 3-4). Plaintiff identified the presiding judge as Susan Black, and stated that the case was dismissed in "98 (or 99) and 2004" for the following reasons: "time frame and not mention previous action." (*Id.*, p. 3).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No." (*Id.*, p. 4). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases.

Finally, on the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "Yes." (*Id.*, p. 4). The complaint form then

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No," and disclosed no cases. (Doc. 1, p. 3).

directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff identified the same case he described in response to the question in Section IV(B) above. He disclosed no other cases. At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7). Thus, plaintiff has in effect stated that other than the single case he identified, he has initiated no other lawsuit in federal court that: (1) related to the fact of his incarceration or the conditions of his confinement, or (2) was dismissed prior to service.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[3]

In researching the case plaintiff identified, it is noted that Susan Black has never served on this district court. She served on the United States District Court for the Middle District of Florida ("Middle District") from 1979-1992, and began serving on the United States Court of Appeals for the Eleventh Circuit ("Eleventh

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C. § 1915(g)).

Circuit") in 1992. The undersigned was unable to find a Middle District or Eleventh Circuit case matching plaintiff's description.

Nonetheless, the Clerk has advised, and this court may take judicial notice, that plaintiff previously initiated at least two cases in this court that <u>not only</u> related to the fact of his incarceration or the conditions of his confinement, <u>but also</u> were dismissed prior to service. Specifically, on April 15, 2002 plaintiff, while incarcerated, initiated a civil rights action against various Florida Department of Corrections officials claiming that they failed to protect him from an inmate assault at Calhoun Correctional Institution. *See Smith v. Hughes*, Case Number 5:02cv150/MP/MCR. The case was dismissed on May 9, 2003, prior to service, for plaintiff's failure to comply with an order of the court. (*See* Case No. 5:02cv150, docs. 20, 23, 24). Additionally, on August 27, 2004 plaintiff, while incarcerated, initiated a civil rights action against two corrections officers at the Gulf County Jail, claiming that they subjected him to harassment and cruel and unusual punishment in violation of the Eighth Amendment. *See Smith v. Hightower*, Case Number 5:04cv223/LC/EMT. The case was dismissed as malicious on December 30, 2004, for plaintiff's failure to disclose his prior case (Case No. 5:02cv150). (*See* Case No. 5:04cv223, docs. 11, 13, 14). These cases may be positively identified as having been filed by plaintiff because they bear his inmate number, DC#728222.

Even generously construing plaintiff's complaint as having disclosed the 2004 case, the fact remains that he did not disclose the 2002 case. The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior

actions was required.[4] If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se, in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 24th day of February, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[4] The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE <u>ALL</u> PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3).

*Case No: 5:09cv230/RS/MD*